# EXHIBIT A

ctronically FILED by Superior Court of California, County of Los Angeles on 03/16/2021 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DNATA AVIATION USA, INC., a corporation; DNATA US INFLIGHT CATERING, LLC, a limited liability company; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ABDIA CABRALES, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court<br>Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV10302 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jace H. Kim, Esq.; The Dominguez Firm, LLP; 3250 Wilshire Boulevard, Suite 1200, Los Angeles, CA 90010; (213) 381-4011

| | | |
|---|---|---|
| DATE: 03/16/2021<br>*(Fecha)* | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* H. Flores-Hernandez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  DNATA US INFLIGHT CATERING, LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

21STCV10302
Case 2:21-cv-04231-DSF-AS Document 1-1 Filed 05/20/21 Page 3 of 24 Page ID #:15
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Kevin Brazile
ctronically FILED by Superior Court of California, County of Los Angeles on 03/16/2021 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Jace H. Kim, Esq. (SBN 282039)
*Jace.Kim@Dominguezfirm.com*
Carlos Andres Perez, Esq. (SBN 285645)
*Carlos.Perez@Dominguezfirm.com*
Javier Ramirez, Esq. (SBN 249516)
*Javier.Ramirez@Dominguezfirm.com*
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorney for Plaintiff,
ABDIA CABRALES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ABDIA CABRALES, an individual, | Case No.  21STCV10302 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | **1. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194; IWC WAGE ORDER NO. 5-2001, § 3);** |
| DNATA AVIATION USA, INC., a corporation; DNATA US INFLIGHT CATERING, LLC, a limited liability company; and DOES 1 through 20, inclusive, | **2. FAILURE TO PROVIDE MEAL PERIODS (CAL. LABOR CODE §§226.7, 512; IWC WAGE ORDER NO. 5-2001, § 11);** |
| Defendants. | **3. FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7, 512; IWC WAGE ORDER NO. 5-2001, § 12);** |
| | **4. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.; IWC WAGE ORDER NO. 5-2001, § 7);** |
| | **5. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);** |
| | **6. PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ); AND** |
| | **7. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)** |
| | **[DEMAND FOR JURY TRIAL]** |

**PLAINTIFF, ABDIA CABRALES** brings this action on behalf of himself and on behalf of aggrieved employees pursuant to the California Private Attorneys General Act, alleges as follows:

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

**JURISDICTION**

1.    This action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.    This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

**THE PARTIES**

3.    Plaintiff, ABDIA CABRALES, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

4.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant, DNATA AVIATION USA, INC. (hereinafter referred to as "DNATA") was and is a Delaware corporation doing business at El Segundo, California, in the County of Los Angeles, State of California.

5.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant, DNATA US INFLIGHT CATERING, LLC (hereinafter referred to collectively as "INFLIGHT") was and is a New York limited liability company doing business in El Segundo, California, in the County of Los Angeles, State of California.

6.    DNATA and INFLIGHT are hereinafter collectively referred to as "DEFENDANTS."

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers own and operate a private catering company.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

1   informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is

2   responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

3       9.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

4   hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

5   coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other

6   Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the

7   course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status

8   and/or joint venture and with the permission and consent of each of the other Defendants.

9       10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

10   of them, including those defendants named as DOES 1-20 and the Individual Defendants, acted in concert

11   with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or

12   coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

13   Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that

14   Defendants, and each of them, including those defendants named as DOES 1-20 and the Individual

15   Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to which they

16   would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant

17   to said conspiracy, intended to cause and actually causing Plaintiff harm.

18       11.    Whenever and wherever reference is made in this complaint to any act or failure to act by a

19   Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or

20   failures to act by each Defendant acting individually, jointly and severally.

21

22   **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

23       12.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

24   of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of

25   defendants have ceased to exist.

26       13.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

27   purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same as Defendants,

28   including, but not limited to because:

a.      Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.      Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants

-4-

1  shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which

2  Defendants' business was and is conducted.

3       16.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

4  between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of

5  assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other

6  Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts

7  to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere

8  continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for

9  the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employers and/or DOES

10  1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

11

12                              **FACTUAL BACKGROUND**

13       17.    Plaintiff was covered under one or more IWC Wage Orders and/or the California Labor

14  Code provisions relating to wage-and-hour laws, and other applicable wage orders, regulations, and

15  statutes, which imposed an obligation on the part of Defendants, among other things, to provide

16  uninterrupted meal and rest periods, to pay overtime wages, to pay wages for all hours worked, and to

17  provide accurate wage statements.

18       18.    On or about 2019, Employers hired Plaintiff to work as a Driver.  Plaintiff was a full-time,

19  non-exempt employee, and performed all of Plaintiff's job duties satisfactorily.  Plaintiff's employment

20  with Defendants ended approximately in March 25, 2020, after Plaintiff's employment was wrongfully

21  terminated.

22       19.    Between approximately September 7, 2019 until March 25, 2020, Plaintiff's hourly wage

23  rate was $25.00.  During this time period, Plaintiff worked 5 days a week for approximately 8-9 hours per

24  day.

25       20.    Plaintiff worked over 40 hours each week, for which Plaintiff received his hourly wage

26  rate by cash only.

27       21.    Plaintiff worked approximately up to 3 hours of overtime each week, but received only

28  Plaintiff's regularly hourly wage rate for these hours, with no overtime premium.

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

22.    DEFENDANTS failed to pay the overtime premium wages for all hours worked beyond 8 hours in a day or 40 hours in a week.

23.    Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.  Defendants had no policy, procedure, or practice for Plaintiff to report missed rest breaks or recover lost wages, and Defendants had no policy, procedure, or practice to provide one hour of additional wages for each workday that the rest break was not provided.

24.    Throughout Plaintiff's employment, for each pay period, Plaintiff received inaccurate paystubs that did not comply with Labor Code § 226, because they failed to show the correct amount of overtime hours Plaintiff worked, failed to show pay for missed meal and rest periods, failed to show the amount of wages earned and owed to Plaintiff.

25.    As a direct result and proximate result of the unlawful actions of Defendants, Plaintiff has suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

26.    At all relevant times, PAGA was applicable to Plaintiff and his employment with Defendants.  PAGA provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA").

27.    Plaintiff and other employees of Defendants are "aggrieved employees" as defined by PAGA, because they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

28.    On or about January 5, 2021, Plaintiff gave written notice of Defendants' violations of various provisions of the California Labor Code and the applicable IWC Wage Order to (a) the LWDA by filing with the LWDA through the LWDA website and (b) to Defendants by certified mail.

29.    The LWDA did not provide notice of its intention to investigate Defendants' violations within 65 calendar days of the January 5, 2021 notice.

30.     In doing so, Plaintiff has satisfied the administrative prerequisites under PAGA to recover civil penalties against Defendants, in addition to the other remedies, for violations of California Labor Code §§ California Labor Code §§ 204, 210 (untimely payment of wages), 510, 558 (overtime wages), 226 (inaccurate itemized wage statements), 226.7 (meal and rest break violations), 512 (meal breaks), and 203 (waiting time penalties), as well as IWC WAGE ORDER NO. 5-2001.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## CAL. LABOR CODE §§ 510, 558, 1194 ET SEQ., 1197.1, 1198,
## IWC WAGE ORDER NO. 5-2001, § 3
## BY PLAINTIFF AGAINST EACH DEFENDANT

31.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

32.     California Labor Code § 204, IWC WAGE ORDER NO. 5-2001, §3, and other applicable laws and regulations, provide that an employer must timely pay its employees for all hours worked.

33.     California Labor Code § 510 provides that employees in California shall not be employed more than eight hours per workday or forty hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

34.     California Labor Code § 510 further provides that employees in California shall not be employed more than twelve hours per workday unless they receive wages at double their regular rate of pay.

35.     California Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest, and the cost of suit.  California Labor Code § 1198 further provides that the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

36.     Plaintiff and former non-exempt employees are entitled to the protections of California Labor Code §§ 510 and 1194, and IWC WAGE ORDER NO. 5-2001.

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

37.     Defendants maintained and enforced policies and practices of refusing to pay Plaintiff for all hours worked.  Defendants employed Plaintiff for more than eight hours per day and more than 40 hours per workweek during the operative timeframe, but Defendants failed to pay Plaintiff the correct applicable overtime rate for the number of overtime hours they worked as required by the California Labor Code and the applicable IWC Wage Order.

38.     Defendants thus required Plaintiff to work under conditions prohibited by order of the IWC, in violation of those orders.

39.     Defendants owe Plaintiff overtime wages, have failed and refused, and continues to fail and refuse, to pay the overtime wages owed.  Additionally, Defendants did not include all the required compensation in calculating the overtime rate of Plaintiff.

40.     Defendants' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC WAGE ORDER NO. 5-2001, §3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC WAGE ORDER NO. 5-2001, Plaintiff is entitled to recover the unpaid balance of wages owed to him by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
## CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 5-2001, § 11
## BY PLAINTIFF AGAINST EACH DEFENDANT

41.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

42.     Plaintiff regularly worked greater than five hours and on occasion greater than ten hours per day.  Pursuant to California Labor Code § 512, an employer may not employ someone for a shift of more than five hours without providing him or her with a meal period of not less than thirty minutes or for more than ten hours without providing him or her with a second meal period of not less than thirty minutes.

43.     Despite the requirements of the applicable IWC Wage Order and California Labor Code §§ 512 and 226.7, Defendants required, permitted or otherwise suffered Plaintiff to take less than the 30

-8-

1  minute meal period, or to work through them, and have failed to otherwise provide the required meal
2  periods to Plaintiff.

3    44.    Plaintiff was required to work through or cut short his meal breaks due to Defendants'
4  failure to maintain adequate staffing levels. Defendants required Plaintiff to perform his job duties as a
5  driver non-stop and was not allowed to enjoy a timely, uninterrupted meal breaks. Defendants failed to
6  properly staff enough employees to help make sure all employees could be relieved to take a meal break
7  without pressure to forego or delay their meal breaks.

8    45.    Pursuant to California Labor Code § 226.7, Plaintiff has sustained economic damages,
9  including, but not limited to, unpaid wages and lost interest, in an amount according to proof at trial, and
10  are entitled to recover one-hour of premium pay for each day in which a lawful meal period was not
11  provided. Plaintiff is further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and
12  pursuant to Labor Code section 2699(g)(1), Plaintiff is entitled to an award of reasonable attorneys' fees
13  and costs relating to their claims for civil penalties due to Defendants' violation of the California Labor
14  Code and IWC WAGE ORDER NO. 5-2001.

15

16                         **THIRD CAUSE OF ACTION**
17                     **FAILURE TO PROVIDE REST PERIODS**
18        **CAL. LABOR CODE § 226.7, 512; IWC WAGE ORDER NO. 5-2001, §12**
19                   **BY PLAINTIFF AGAINST EACH DEFENDANT**

20    46.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set
21  forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

22    47.    Pursuant to IWC WAGE ORDER NO. 5-2001, § 12 (A), "[e]very employer shall authorize
23  and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each
24  work period. . . . [The] authorized rest period time shall be based on the total hours worked daily at the
25  rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. . . . Authorized
26  rest period time shall be counted as hours worked, for which there shall be no deduction from wages."
27  California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any
28  rest period mandated by an applicable order of the IWC. Under these laws, Defendants were required to

1  authorize and permit Plaintiff and Class members to take rest periods, based upon the total hours worked

2  at a rate of ten minutes' net rest per four hours, or major fraction thereof, with no deduction from wages.

3      48.    Defendants provided Plaintiff with policies that did not permit first or second rest breaks

4  for shifts between six and eight hours or third rest breaks for shifts over ten hours.

5      49.    Defendants violated, and continue to violate California Labor Code § 226.7 and IWC

6  WAGE ORDER NO. 5-2001, § 12 by failing to pay Plaintiff who was not provided with a rest break, in

7  accordance with the applicable wage order, one additional hour of compensation at each employees'

8  regular rate of pay for each workday that a rest period was not provided.

9      50.    Pursuant to Labor Code § 226.7, Plaintiff has sustained economic damages, including, but

10  not limited to, unpaid wages and lost interest, in an amount according to proof at trial, and is entitled to

11  recover one-hour of premium pay for each day in which a lawful meal period was not provided. Plaintiff

12  is further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and pursuant to Labor

13  Code section 2699(g)(1), Plaintiff is entitled to an award of reasonable attorneys' fees and costs relating

14  to their claims for civil penalties due to Defendants' violation of the California Labor Code and IWC

15  WAGE ORDER NO. 5-2001.

16

17                          **FOURTH CAUSE OF ACTION**

18            **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

19            **CAL. LABOR CODE §§ 226 & 226.3, IWC WAGE ORDER NO. 5-2001, § 7**

20                    **BY PLAINTIFF AGAINST EACH DEFENDANT**

21      51.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set

22  forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

23      52.    California Labor Code § 226(a) and IWC WAGE ORDER NO. 5-2001, § 7(B) require

24  employers semimonthly or at the time of each payment of wages to furnish each employee with a statement

25  itemizing, among other things, all applicable hourly rates.  Labor Code § 226(b) provides that if an

26  employer knowingly and intentionally fails to provide a statement itemizing, among other things, all

27  applicable hourly rates, then the employee is entitled to recover the greater of all actual damages or fifty

28

1  dollars for the initial violation and one hundred dollars for each subsequent violation, up to four thousand

2  dollars.

3      53.    Defendants knowingly and intentionally failed to furnish Plaintiff with timely, itemized

4  statements as required by California Labor Code § 226(a) and IWC WAGE ORDER NO. 5-2001, § 7(B).

5  As a result, Defendants are liable to Plaintiff and to the Class for the amounts provided by Labor Code §

6  226(b) and for penalties, and attorneys' fees.

7      54.    Plaintiff suffered, and continues to suffer, injury as a result of Defendants' failure to provide

8  timely and accurate itemized wage statements, as Plaintiff could not promptly and easily determine from

9  the wage statement alone one or more of the following: the gross wages earned, the total hours worked,

10  all deductions made, the net wages earned, the name and address of the legal entity or entities employing

11  Plaintiff, and/or all applicable hourly rates in effect during each pay period and the corresponding number

12  of hours worked at each hourly rate.

13      55.    As a direct and proximate result of defendants' unlawful actions and omissions, Plaintiff

14  has been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest

15  thereon.  Additionally, Plaintiff is entitled to all available statutory and civil penalties, including but not

16  limited to statutory and civil penalties pursuant to California Labor Code § 226(e) and 1174.5, and an

17  award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

18  California Labor Code § 226(e), as well as other available remedies.

19

20  **FIFTH CAUSE OF ACTION**

21  **FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES**

22  **CAL. LABOR CODE §§ 201,202, 203**

23  **BY PLAINTIFF AGAINST EACH DEFENDANT**

24      56.    Plaintiff incorporates by reference and re-alleges the paragraphs set forth above as though

25  set forth fully herein.  Plaintiff alleges as follows as a representative cause of action on behalf of himself.

26      57.    Pursuant to California Labor Code § 201, 202, and 203, Defendants are required to pay all

27  earned and unpaid wages to discharged and quitting employees.

28  ///

58.     California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

59.     Pursuant to California Labor Code § 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

60.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

61.     Defendants have willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to Plaintiff in accordance with California Labor Code §§ 201 and 202.

62.     As a result, Plaintiff is entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

**SIXTH CAUSE OF ACTION**

**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

**CAL. BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

**BY PLAINTIFF AND THE CLASS AGAINST EACH DEFENDANT**

63.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

64.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.  Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.*  Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and

1  utilizing the employment practices outlined above, including failing to pay reporting time pay, and failing

2  to provide meal and rest breaks in violation of the applicable IWC Wage Order and California Labor Code.

3       65.    Defendants' violations of California wage and hour laws constitute a business practice

4  because Defendants' aforementioned acts and omissions were done repeatedly over a significant period

5  of time, and in a systematic manner, to the detriment of Plaintiff.

6       66.    Defendants have avoided payment of wages, overtime wages, meal and rest break premium

7  payments, and other benefits as required by the California Labor Code, the California Code of

8  Regulations, and the applicable IWC Wage Order.  Furthermore, Defendants have failed to record, report,

9  and pay the correct sums of assessment to the state authorities under the California Labor Code and other

10  applicable regulations.

11       67.    Defendants' unfair and unlawful business practices, as alleged in this Complaint, have

12  allowed Defendants to reap in unfair and illegal profits at the expense of Plaintiff, and members of the

13  public.  Defendants should be made to disgorge their ill-gotten gains and restore them to Plaintiff.  Plaintiff

14  seeks to enforce important rights affecting the public interest within the meaning of the California Code

15  of Civil Procedure § 1021.5

16       68.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff is entitled

17  to restitution of the wages withheld and retained by Defendants; an award of attorneys' fees pursuant to

18  California Labor Code § 1194; and California Code of Civil Procedure § 1021.5; interest; and an award

19  of costs.

20

21                           **SEVENTH CAUSE OF ACTION**

22                    **PRIVATE ATTORNEY GENERAL ACT**

23             **CAL. LABOR CODE §§ 2698, *ET SEQ.* [PAGA]**

24               **BY PLAINTIFF AGAINST DEFENDANTS**

25       69.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set

26  forth fully herein. Plaintiff alleges as follows as a representative cause of action on behalf of himself.

27       70.    PAGA authorizes an aggrieved employee, on behalf of himself or other current or former

28  employees, to bring a civil action to recover civil penalties against his or her employer pursuant to the

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

1 │ procedures specified in California Labor Code § 2699.3.  Plaintiff is an aggrieved employee within the

2 │ meaning of PAGA, and pursuant to PAGA, Plaintiff is entitled to recover civil penalties on behalf of

3 │ himself and other similarly aggrieved persons who are, or were employed, by Defendants and against

4 │ whom one or more of the alleged violations were committed.  If the employee prevails as private attorney

5 │ general, the employer may be subject to civil penalties, of which the aggrieved employee is entitled to 25

6 │ percent.

7 │        71.     Plaintiff has complied with the procedures for bringing suit under PAGA. Specifically, on

8 │ or about March 5, 2020, Plaintiff gave written notice of Defendants' violations — including the facts and

9 │ theories to support the violations — of various provisions of the California Labor Code and the applicable

10 │ IWC Wage Order to (a) the LWDA by filing with the LWDA through the LWDA website and (b) to

11 │ Defendants by certified mail.

12 │        72.     Pursuant to California Labor Code § 2699.3, the LWDA must give written notice by

13 │ certified mail to the parties that it intends to investigate the alleged violations of the California Labor Code

14 │ within 60 days of the date of the complainant's written notice and    More than 65 days have passed since

15 │ the notice and the LWDA did not provide the parties notice that it intended to investigate her claims.

16 │        73.     During the applicable time period preceding the filing of Plaintiff's notice to the LWDA,

17 │ Defendants violated California Labor Code §§ 204, 210 (untimely payment of wages), 510, 558 (overtime

18 │ wages), 226 (inaccurate itemized wage statements), 226.7 (meal and rest break violations), 512 (meal

19 │ breaks), and 203 (waiting time penalties), as well as the applicable IWC Wage Order, as alleged in more

20 │ detail above.

21 │        74.     Pursuant to California Labor Code §§ 2699(a) and (f), and 2699.5, and 2699(g)(1), Plaintiff

22 │ is entitled to an award of reasonable attorneys' fees and costs.  To that end, Plaintiff seeks all relief entitled

23 │ under PAGA for any penalties assessed against Defendants as a result of Defendants' California Labor

24 │ Code violations, plus attorneys' fees and costs.

25 │

26 │ **<u>PRAYER FOR RELIEF</u>**

27 │      Wherefore, Plaintiff, individually, and on behalf of aggrieved employees, pray for an award and

28 │ judgment against Defendants jointly and severally, as follows:

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to Plaintiff and Class members, as well as disgorged profits from defendants' unfair and unlawful business practices;

3.    For punitive damages on applicable causes of action;

4.    For payment of unpaid overtime compensation pursuant to Labor Code §§ 201, 510, 1194, the applicable industrial Welfare Commission Order, and the applicable 8 Code of Regulation sections, in the amount of no less than $2,925.20;

5.    For payment of meal and rest period compensation pursuant to Labor Code § 226.7, 512;

6.    For damages pursuant to Labor Code § 226;

7.    For waiting time penalties pursuant to Labor Code §§ 201-203;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For declaratory relief;

10.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code § 226(e);

11.    For preliminary and permanent injunctive relief enjoining Defendants from violating the relevant provisions of the California Labor Code and IWC WAGE ORDER NO. 5-2001 and from engaging in the unlawful business practices complained of herein;

12.    For an award of interest, including prejudgment interest, at the legal rate;

13.    For an award of reasonable attorneys' fees and costs on the applicable causes of action pursuant to California Labor Code §§ 1194 and 2802, California Civil Code 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

14.    For costs of suit incurred;

15.    For an order appointing Plaintiff as class representative and Plaintiff's counsel as class counsel; and

16.    For such other and further relief as the Court may deem just and appropriate.

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

DATED: March 16, 2021

**THE DOMINGUEZ FIRM, LLP**

By: _____
      Jace H. Kim, Esq.
      Attorneys for Plaintiff,
      ABDIA CABRALES

## **JURY TRIAL DEMANDED**

    Plaintiff, ABDIA CABRALES demands trial of all issues by jury.

DATED: March 16, 2021

**THE DOMINGUEZ FIRM, LLP**

By: _____
      Jace H. Kim, Esq.
      Attorneys for Plaintiff,
      ABDIA CABRALES

COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEY GENERAL ACT

Electronically FILED by Superior Court of California, County of Los Angeles on 03/16/2021 04:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

Case 2:21-cv-04231-DSF-AS   Document 1-1   Filed 05/20/21   Page 19 of 24   Page ID #:31

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jace H. Kim, Esq.(282039); Carlos Andres Perez, Esq.(285645);
Javier Ramirez, Esq. (249516)
The Doimguez Firm, LLP; 3250 Wilshire Blvd., Ste. 1200; Los Angeles, CA 90010

TELEPHONE NO.: (213) 381-4011     FAX NO. *(Optional):* (213) 201-8212
ATTORNEY FOR *(Name):* Jace.Kim@DomiguezFirm.com

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Cabrales, Abdias v. DNATA US Inflight Catering, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21STCV10302 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 16, 2021

Jace H. Kim, Esq.
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

| SHORT TITLE: Cabrales, Abdias v. DNATA US Inflight Catering, LLC | CASE NUMBER: 21STCV10302 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Cabrales, Abdias v. DNATA US Inflight Catering, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, ②, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Cabrales, Abdias v. DNATA US Inflight Catering, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Cabrales, Abdias v. DNATA US Inflight Catering, LLC | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 291 Coral Circle |
|---|---|

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 16, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4